UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEPHANIE STARK**,                          Case Number 5:15 CV 477

      Plaintiff,

      v.                                          Magistrate Judge James R. Knepp II

**COMMISSIONER OF SOCIAL SECURITY**,

      Defendant.                          MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Pending before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking $3,371.61 in fees. (Doc. 22). Defendant, the acting Commissioner of Social Security ("Commissioner") did not oppose the motion. (Doc. 23). For the reasons discussed below the undersigned grants the motion.

### PROCEDURAL BACKGROUND

Prior to the instant motion, on January 26, 2011, Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability as of September 20, 2007. (Tr. 163-69). Plaintiff's application was denied initially, and upon reconsideration. (Tr. 121-24, 126-28). Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 129-30). On July 3, 2013, the ALJ held a hearing at which Plaintiff and a vocational expert appeared and testified. (Tr. 32-69). On September 24, 2013, the ALJ issued a written decision in which he found Plaintiff not disabled. (Tr. 11-31). On January 27, 2015, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-3); 20 C.F.R. §§ 404.955, 404.981, 416.1455, 416.1481.

Plaintiff then filed an action in the United States District Court seeking review of the final decision denying benefits. (Doc. 1). The parties consented to the exercise of jurisdiction by the undersigned in accordance with 28 U.S.C. § 636(c) and Civil Rule 73. (Doc. 14). On March 18, 2016, the undersigned issued a memorandum opinion and order affirming the Commissioner's decision in part and reversing and remanding in part. (Docs. 20 & 21).

### THE EQUAL ACCESS TO JUSTICE ACT

Under normal circumstances, each party is responsible for its own legal fees. *Scarborough v. Principi,* 541 U.S. 401, 404 (2004). However, because paying for one's own legal fees can make litigation cost prohibitive, the EAJA exists to encourage lay people to seek review of unreasonable government action without fear of the substantial cost that litigation can entail. The EAJA provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case it is undisputed that Plaintiff is a prevailing party because this court issued a sentence-four remand. (Docs. 20 & 21). *Shalala v. Schaefer*, 509 U.S. 293, 301 (1993). Neither side contends that special circumstances make an award unjust. As such, Plaintiff is entitled to attorney's fees and additional expenses if the government's position was not substantially justified.[1]

---

1. It is also undisputed that Plaintiff's application is timely, *see Shalala*, 509 U.S. at 298, and Plaintiff meets the financial eligibility requirements of EAJA, *see* Docs. 2 & 4 (*in forma pauperis* application and order granting application).

### *Substantial Justification*

The government's position is "substantially justified" if it had "a reasonable basis in both law in fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988). The government's "position" includes both the underlying action and the government's litigation position. 42 U.S.C. §2412(d)(2)(D); *Delta Eng'g v. United States,* 41 F.3d 259, 261 (6th Cir. 1994). The burden of showing substantial justification rests upon the agency. *Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004).

Here, Plaintiff argues the Commissioner's decision was not substantially justified. The Commissioner bears the burden of proving its position was substantially justified; she has not met that burden because she did not object to Plaintiff's motion. Thus, the sole issue is whether a fee above the statutory maximum is warranted in this case.

### *Amount of Fees and Award*

The EAJA provides attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To determine the appropriate hourly rate for calculating attorney fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "In requesting an increase in the hourly-fee rate [under the EAJA], Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum*, 465 U.S. at 898). Decisions to adjust the

3

hourly rate based on increases in the cost of living are left to the discretion of the district court.

*Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).

Here, Plaintiff seeks an award at hourly rates of $184.75 and $184.72 for work performed in 2015 and 2016, respectively. (Doc. 22, at 5 n.1). In support, Plaintiff's counsel submitted:

1. An affidavit from Plaintiff's counsel attesting she has practiced social security law for 30 years and has been involved in a number of leadership positions in the social security disability field. (Doc. 22-1). Her contingent fee agreement is for 25% of past-due benefits in social security cases, and while her hourly rate for 2012 and 2013 was $350 in non-contingent disability cases, she has often requested the statutory rate of $125 per hour in EAJA applications. *Id.*

2. Counsel's itemized statement of work performed in the instant case. (Doc. 22-2).

3. Counsel's resume. (Doc. 22-3).

4. The Bureau of Labor Statistics Consumer Price Index (CPI)—Midwest Urban. (Doc. 22-4).

5. The Ohio State Bar Association's *The Economics of Law Practice in Ohio –* Desk Reference for 2010, which indicates—for the greater Cleveland area in 2010: the average hourly billing rate was $239; the median billing rate was $210; the average hourly billing rate in the area of administrative law was $203; and the median rate for administrative law was $180. (Doc. 22-5, at 24-25).

6. An affidavit from attorney Paula Goodwin attesting she has over 30 years of experience, mainly works for a 25% contingency fee in social security disability cases, has in the past been awarded hourly fees of $350, and believes Plaintiff's counsel has the experience and expertise to warrant $350 per hour as a reasonable fee. (Doc 22-6).

7. An affidavit from attorney Louise Mosher attesting she has over 30 years of experience, and charges $350 per hour. (Doc. 22-7).

This Court and others in the Northern District of Ohio have previously found such evidence sufficient to support an increase in fees. *See, e.g.*, *Britton v. Comm'r of Soc. Sec.*, 2016

WL 1732934, at *2 (N.D. Ohio)[2]; *Vasquez v. Astrue*, 2012 WL 3637676, at *1-3 (N.D. Ohio); *Rodriguez v. Astrue*, 2012 WL 2905928, at *5-6 (N.D. Ohio).

Taking into account the evidence provided, the fact that the Commissioner has not challenged Plaintiff's request, and the previous decisions of my colleagues, the Court finds Plaintiff has shown the requested rate falls within the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. The Court therefore grants Plaintiff's request for increased fees at the hourly rates of $184.75 and $184.72[3] for work performed in 2015 and 2016 respectively, for a total award of $3,371.61.[4]

## CONCLUSION

Following review, the undersigned GRANTS Plaintiff's Motion for Attorney Fees in the amount of $3,371.61, representing 15.6 hours at $184.75 per hour and 2.65 hours at $184.72 per hour.

---

2. In *Britton*, the undersigned noted Attorney Goodwin's affidavit did not support an increase in fees because it was based on reasonableness, rather than actual prevailing rates. 2016 WL 1732934, at *2 (citing *Bryant*, 578 F.3d at 450). However, in this case, as in *Britton*, the other evidence submitted—Attorney Mosher's affidavit, the Midwest Urban CPI, and the Ohio State Bar Association publication—are sufficient to justify the increased rate.

3. This number was reached by comparing the price of services in March 1996 ($151.70)—when the EAJA was enacted—to the average price of services in 2015 ($224.210) and 2016 (averaged through April) ($224.182). *See* Doc. 22, at 5 n.1 & Doc. 23-4 (Consumer Price Index – Midwest). This leads to inflation factors of 1.4789 and 1.4778 respectively, which, when multiplied by the $125 statutory rate, produces the calculated hourly rates of $184.75 (for 2015) and $184.72 (for 2016).

4. This calculation includes 15.6 hours in 2015 at a rate of $184.75 per hour and 2.65 hours in 2016 at a rate of $184.72 per hour. The Court has reviewed the hours expended by Plaintiff's attorney and finds them to be reasonable. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). Defendant has not contested the reasonableness of the hours submitted.

IT IS SO ORDERED.


                                                s/James R. Knepp, II
                                                United States Magistrate Judge