IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEPHANIE STARK,**                      Case No. 5:15 CV 477

    Plaintiff,

    v.                                  Magistrate Judge James R. Knepp, II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                    MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Pending before the Court is Plaintiff Stephanie Stark's Motion for Enforcement of Judgment. (Doc. 25). Defendant, the Commissioner of Social Security ("Commissioner") filed a Response. (Doc. 26). For the reasons discussed below, Plaintiff's Motion is DENIED.

## PROCEDURAL BACKGROUND

On March 12, 2015, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision to deny benefits. (Doc. 1). Following briefing, the undersigned issued a Memorandum Opinion and Order on March 18, 2016, affirming the Commissioner's decision in part, and reversing and remanding in part. (Doc. 20). The undersigned issued a Judgment Entry that same day. (Doc. 21).

In the Memorandum Opinion and Order, the undersigned first rejected Plaintiff's claim of error regarding the ALJ's treatment of a treating physician opinion. (Doc. 20, at 11-13). The undersigned then agreed with Plaintiff's second claim of error, regarding the ALJ's discussion of her credibility, noting: "[t]he ALJ did not clearly articulate why she believed Plaintiff's statements to be incredible and as such, failed to perform the requisite analysis." *Id.* at 15. Thus, the

undersigned concluded, "remand is appropriate for the ALJ to properly discuss Plaintiff's credibility." *Id.* at 16.[1]

On remand, the Appeals Council reconsidered Plaintiff's claims and issued a new decision, adopting the prior ALJ's decision in part, and supplementing the credibility analysis. *See* Doc. 25-1, at 4 ("The Appeals Council agrees with the ALJ Goodrich's findings at steps 1, 2, 3, 4 and 5 of the sequential evaluation . . . However, the Appeals Council provides additional rationale that supports ALJ Goodrich's evaluation of the claimant's symptoms."). The Appeals Council pointed to limited medical evidence supporting Plaintiff's statements, and inconsistencies between her symptoms and the evidence of record. *Id.*, at 5.

## DISCUSSION

Plaintiff filed the pending Motion for Enforcement of Judgment, arguing that the remand order specified the ALJ provide the analysis on remand, not the Appeals Council. (Doc. 25, at 1) ("The Appeals Council's action . . . thus precluded the ALJ from conducting a hearing, inclusive of actual testimony, on the precise issue of remand ordered by the District Court."). Plaintiff brings her motion under Federal Civil Rule 70, which provides, in part:

> **Rule 70. Enforcing a Judgment for a Specific Act**
>
> (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

---

1. The undersigned noted reasons the ALJ could have given, but did not, including: "the scarcity of medical evidence as it relates to Plaintiff's hand complaints", and "her lack of complaints to physicians, her lack of treatment, or her potentially inconsistent activities of daily living such as doing light housework, going to the store, or driving; all of which could underpin a proper credibility analysis." (Doc. 20, at 15).

The Commissioner responded, arguing Plaintiff's motion should be denied because: 1) the undersigned lacks jurisdiction to consider the motion, 2) even if the undersigned has jurisdiction, the Commissioner did not violate the undersigned's order. (Doc. 26). For the reasons discussed below, the undersigned agrees with the Commissioner that the Commissioner did not violate the Court's remand order.

*Jurisdiction*

The Commissioner first contends the undersigned lacks jurisdiction to consider Plaintiff's Motion because a final judgment was entered on March 18, 2016. (Doc. 21). *See* Doc. 26, at 2-3. The Commissioner cites *Shalala v. Shaefer*, 509 U.S. 292 (1993) and *Smith v. Halter*, 246 F.3d 1120 (8th Cir. 2001) in support of this argument. In *Smith*, the district court found it did not have jurisdiction over a post-remand motion to enforce judgment. 246 F.3d at 1122. The Eighth Circuit affirmed, holding that

> A district court may not retain jurisdiction over a case remanded to the Commissioner pursuant to sentence four of § 405(g). *Shalala v. Schaefer,* 509 U.S. 292, 299–300 & n. 3, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Once the district court remanded Smith's disability benefits application for further proceedings, the court divested itself of jurisdiction except to the extent necessary to resolve an application for attorneys fees. *See id.* at 302–303, 113 S.Ct. 2625. We therefore hold that the district court properly denied Smith's motions for relief on the ground that it lacked jurisdiction.

*Id.* The appellate court noted its displeasure with "the glacial pace at which the Commissioner has attempted to comply with the district court's judgment", but explained: "In the context of a sentence four remand, however, Smith's remedy for delay—if indeed there is any remedy—does not lie within the confines of the 405(g) action closed by the district court's final judgment." *Id.*; *Shalala*, 509 U.S. at 299 (stating that "a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the [Commissioner's] final decision") (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)); *cf. Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir.

2006) (holding that a district court retains jurisdiction when remanding pursuant to sentence six, and citing cases distinguishing sentence four remands as final judgments where jurisdiction is relinquished).

On the other hand, under Rule 70, a Court has jurisdiction to enforce judgments requiring specific acts. *See* Fed. R. Civ. P. 70 (If a judgment requires a party . . . to perform any other specific act and the party fails to comply . . . the court may order the act to be done"). *Cf. Colson v. Colvin*, 2015 WL 427702, at *2 (E.D. Wis.) (noting that Rule 70 "might have been [an] avenue[] with which to enforce the Court's judgment" had the issue not become moot by the ALJ's holding a supplemental hearing to remedy the issue).

The Commissioner also distinguishes between this court's *Order* and its *Judgment*. *See* Doc. 26, at 4). She notes that "Rule 70 only applies to a court's *judgment* and says nothing about enforcement of a court's *order*." *Id.* She argues the judgment only stated the Commissioner's decision as "affirmed in part and reversed and remanded in part" and "did not instruct the Commissioner to hold a new hearing", therefore, there is no action for the Court to enforce under Rule 70. *Id.*

The undersigned need not resolve this jurisdictional issue, however, because, regardless, the Commissioner complied with the remand order.

*Compliance With Remand*

Regardless of the jurisdictional question, the undersigned agrees with the Commissioner that Plaintiff has not shown the Commissioner failed to comply with this Court's remand.

First, Sentence Four of 42 U.S.C. § 405(g), under which the instant case was remanded, provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security,

with or without remanding the cause for a rehearing." The relevant Social Security regulation provides:

> When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, *or* it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision.

20 C.F.R. §§ 404.983, 416.1483 (emphasis added). This regulation provides discretion, when a case is remanded to the Commissioner, for the Commissioner to determine whether the Appeals Council or the ALJ should make the decision. *Id.*; *see also Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007) ("When a court remands to the Commissioner, under section 405(g), the remanded case returns to the Appeals Council, which may, in its discretion, then remand the case to the administrative law judge."); *cf. Travis v. Sullivan,* 985 F.2d 919, 924 (7th Cir. 1993) (holding that the district court exceeded its authority in directing that a case be remanded to a new ALJ in the absence of evidence of bias and observing that the Appeals Council, as the Commissioner's designee, exercises supervisory administrative authority over remands from the district court); *Mullen v. Bowen,* 800 F.2d 535, 537 (6th Cir. 1986) (observing that the Appeals Council has jurisdiction over a case remanded by the district court); *Thibodeau v. Social Sec. Admin. Comm'r*, 2011 WL 4344561, at *2 (D. Me.) ("Ultimately, it is not the Court's role to direct how the Commissioner delegates responsibility for processing remand orders within the Administration."), *report and recommendation adopted by* 2011 WL 4597501.

Second, Plaintiff here did not specifically request, nor did the undersigned specifically order, that a new hearing be held on remand. As noted, § 405(g) provides that cases may be reversed "with or without remanding the cause for a rehearing." Thus, it is within the Court's power to decide whether to order a new hearing on remand. Plaintiff here, in her brief on the merits,

5

requested the Court "reverse the decision of the Commissioner and remand her case for further proceedings." (Doc. 15, at 22). And the undersigned did just that. (Doc. 20, at 16) (noting in conclusion that "the Commissioner's decision is affirmed in part and reversed and remanded in part."); Doc. 21 (Judgment Entry stating "For the reasons stated in the Memorandum Opinion and Order filed March 18, 2016, it hereby ORDERED that the Commissioner's decision is affirmed in part and reversed and remanded in part."). Nothing in this Court's order or judgment stated a new hearing would be required on remand, and, in fact, the Court noted possible reasons evident from the record that the Commissioner might discount Plaintiff's subjective symptom complaints. There was nothing in the order to suggest additional testimony might be needed, or an entirely new decision be issued. The undersigned concludes that the Commissioner, through the Appeals Council's order, fully complied with the terms of the reversal and remand issued by this Court.[2]

Third, the undersigned agrees with the Commissioner that the Court's language stating "remand is appropriate *for the ALJ* to properly discuss Plaintiff's credibility" (Doc. 20, at 16) rather than stating "for the Commissioner to properly discuss Plaintiff's credibility", does not alter this analysis. Correctly or not, parties and courts commonly use the terms "ALJ" and "Commissioner" interchangeably. Although the Court most often finds itself reviewing an ALJ's decision, this is so because this decision most often stands as the final decision of the Commissioner. *See* 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, of the decision is revised."); *see also* 42 U.S.C. § 405(g)

---

2. In some ways, it seems that Plaintiff's brief acknowledges this, in that she requests the Court "enforce its judgment by declaring that the Defendant cannot simply have the Appeals Council review the credibility issue, and specifically require that Plaintiff be given a new hearing." (Doc. 25, at 2). Plaintiff is requesting *additional* wording and action not contained within the Court's original order.

6

(explaining that district courts review final decisions of "the Commissioner"); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (using "Commissioner" and "ALJ" somewhat interchangeably) ("In this case, the administrative law judge determined at step four of the inquiry that Warner was not disabled within the meaning of the act because he could perform his past relevant work . . . Thus, our review is limited to determining whether substantial evidence supports the Commissioner's decision that Warner could perform his past relevant work [.]") (internal citations omitted). Such a strict interpretation, like that advanced by Plaintiff, would potentially eviscerate the explicit statutory discretion given to the Commissioner with regard to remands, *see* 20 C.F.R. §§ 404.983; 416.1483.[3]

### CONCLUSION

For the reasons stated above, Plaintiff's Motion to Enforce Judgment (Doc. 25) is DENIED. If Plaintiff wishes to challenge the Appeals Council's decision—now a new final decision of the Commissioner—her remedy is to file a new suit. *See* 42 U.S.C. § 405(g).

IT IS SO ORDERED.

    s/James R. Knepp II
United States Magistrate Judge

---

3. That said, the undersigned will be more precise in the future, in making clear that remands are generally to the Commissioner, and not specifically to the ALJ (unless appropriate in a particular case).